**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | | | |
|---|---|---|---|
| IN RE: | ) | CASE NO. | 18-21217 (JJT) |
| | ) | | |
|     HAMPTON VENTURES, LLC, | ) | CHAPTER | 7 |
|         DEBTOR. | ) | | |
| | ) | | |
| LUCILLE ST. GEORGE, | ) | ADV. PRO. NO. | 18-02903 (JJT) |
|     PLAINTIFF | ) | | |
| V. | ) | RE: ECF NOS. | 47, 49 |
| | ) | | |
| HAMPTON VENTURES, LLC and | ) | | |
| ANTHONY NOVAK, | ) | | |
| CHAPTER 7 TRUSTEE | ) | | |
|     DEFENDANTS. | ) | | |
| | ) | | |

## MEMORANDUM OF DECISION AND ORDER ON TRUSTEE'S MOTION *IN LIMINE*

Before the Court is the Trustee's motion *in limine* ("Motion," ECF No. 47) to exclude the testimony of Steven Dembo, Esq. ("Attorney Dembo"), as an expert witness on behalf of the plaintiff, Lucille St. George ("Plaintiff"). The Plaintiff filed an objection ("Objection," ECF No. 49) to the Motion. After hearing argument, the Court ruled from the bench, ordering Attorney Dembo's testimony excluded and stating that a written memorandum of decision would follow (ECF No. 51). This is that memorandum.

The Plaintiff filed a notice of expert disclosure (ECF No. 31), which stated the Plaintiff's intention to call Attorney Dembo as an expert witness. In the disclosure statement attached to the notice, Attorney Dembo stated that he "will offer expert opinions in the area of matrimonial law and specifically the duty of disclosure." His opinion was to be based on his review of several documents, most of which appear to be in evidence already, and the laws of New York and Connecticut as they pertain to corporate dissolution and divorce law, respectively. Ultimately,

Attorney Dembo intended to opine on the effects of the administrative dissolution of RET Capital Corporation under New York law and William Nappo's legal duties to disclose the existence of an *ad valorem* case formerly pending in New York and the proceeds emanating from it under Connecticut law.

The Trustee filed the Motion, arguing that (1) Attorney Dembo is not admitted to practice in New York and, therefore, is unqualified to opine on its law[1] and (2) Second Circuit authority mandated excluding his testimony because it would provide legal conclusions that the Court could and should decide. The Plaintiff then filed the Objection, citing nonbinding authority for the propositions that bankruptcy courts are not experts on divorce matters and experts can testify as to legal matters that involve questions of fact. During the hearing on the Motion, the Plaintiff argued that Attorney Dembo would offer his opinion by applying the facts to the law.

Rule 702 of the Federal Rules of Evidence states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Additionally, Fed. R. Evid. 704(a) states that "[a]n opinion is not objectionable just because it embraces an ultimate issue."

The Second Circuit has explained that "[a]s a general rule an expert's testimony on issues of law is inadmissible." *United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991) (citation omitted). Although *Bilzerian* upheld the allowance of expert testimony concerning securities

---

[1] The Court agrees that Attorney Dembo's lack of a license to practice in the state of New York is fatal to his ability to opine on its laws as an expert because he lacks the "knowledge, skill, experience, training, or education" necessary. *See* Fed. R. Evid. 702.

disclosure requirements, the court noted that expert testimony "must be carefully circumscribed to assure that the expert does not usurp either the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in applying that law to the facts before it." *Id.* (citations omitted). "When an expert undertakes to tell the jury what result to reach, this does not *aid* the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's. When this occurs, the expert acts outside of his limited role of providing the groundwork in the form of an opinion to enable the jury to make its own informed determination." *United States v. Duncan*, 42 F.3d 97, 101 (2d Cir. 1994). "This circuit is in accord with other circuits in requiring exclusion of expert testimony that expresses a legal conclusion." *Hygh v. Jacobs*, 961 F.2d 359, 363 (2d Cir. 1992) (citations omitted). "Even if a jury were not misled into adopting outright a legal conclusion proffered by an expert witness, the testimony would remain objectionable by communicating a legal standard—explicit or implicit—to the jury." *Id.* at 364. (citations omitted). And, although Rule 704 would allow expert testimony on an ultimate issue, it "was not intended to allow experts to offer opinions embodying legal conclusions." *United States v. Scop*, 846 F.2d 135, 139 (2d Cir.), *rev'd in part on other grounds*, 856 F.2d 5 (2d Cir. 1988).

Although the present case is being tried to the Court, not a jury, that is a distinction without a difference. The Plaintiff has proposed Attorney Dembo as an expert to instruct the fact finder, in this case the Court, on the applicable law and to apply the law to the facts before the Court. Such is impermissible and would be a waste of time. Unlike the mandate of Rule 702, such testimony would not help the Court "to understand the evidence or to determine a fact in issue[.]" *See* Fed. R. Evid. 702(a). If the Plaintiff wishes to argue that William Nappo had a duty to disclose the *ad valorem* suit and the proceeds from it, she may brief the issue, citing to applicable New York and Connecticut law, as appropriate.

The Plaintiff's Objection is OVERRULED. The Motion is GRANTED. Attorney Dembo's testimony is, therefore, excluded.

IT IS SO ORDERED at Hartford, Connecticut this 5th day of March 2019.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut