**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | | | |
|---|---|---|---|
| IN RE: | ) | CASE NO. | 18-21217 (JJT) |
| | ) | | |
| HAMPTON VENTURES, LLC, | ) | CHAPTER | 7 |
| DEBTOR. | ) | | |
| | ) | | |
| LUCILLE ST. GEORGE, | ) | | |
| PLAINTIFF | ) | ADV. PRO. NO. | 18-02903 (JJT) |
| V. | ) | | |
| | ) | RE: ECF NOS. | 86, 93 |
| HAMPTON VENTURES, LLC and | ) | | |
| ANTHONY NOVAK, | ) | | |
| CHAPTER 7 TRUSTEE | ) | | |
| DEFENDANTS. | ) | | |
| | ) | | |

**RULING ON PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO APPEAL**

Before the Court is the motion for extension of time to appeal ("Motion," ECF No. 86)

filed by the plaintiff, Lucille St. George ("Plaintiff").[1] In the Motion, the Plaintiff has requested a

21-day extension of time to appeal the Judgment in the Adversary Proceeding and Ruling on

Objection to Proof of Claim ("Judgment and Ruling," ECF Nos. 67 and 68), which entered on

March 12, 2019. The Chapter 7 Trustee has objected to the Motion ("Objection," ECF No. 93),

arguing that the Plaintiff has not shown excusable neglect—or even claimed it, for that matter—

and that this is fatal to her Motion under Fed. R. Bankr. P. 8002(d)(1)(B). The Court agrees with

the Chapter 7 Trustee and, therefore, SUSTAINS the Objection and DENIES the Motion.

---

[1] The Court, without prejudice, denied and struck (ECF No. 87) a previous motion for extension of time to appeal (ECF No. 71) that Jeffrey Nappo, the Plaintiff's son and attorney-in-fact, attempted to prosecute, determining that allowing him to proceed would constitute the unauthorized practice of law by a non-attorney.

As noted, the Court's Judgment and Ruling entered on March 12, 2019. Under Fed. R. Bankr. P. 8002(a)(1), the Plaintiff had 14 days to file a notice of appeal, which period expired on March 26, 2019. The Plaintiff did not file an appeal within that period.[2] Under Fed. R. Bankr. P. 8002(d)(1), however, "the bankruptcy court may extend the time to file a notice of appeal upon a party's motion that is filed: (A) within the time prescribed by this rule; or (B) within 21 days after that time, if the party shows excusable neglect." The Plaintiff's Motion undeniably was filed after the 14-day period prescribed in Rule 8002(a)(1). Therefore, the Plaintiff is required to show excusable neglect.

The governing standard for excusable neglect is the Supreme Court's decision in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993).

> In *Pioneer*, the Supreme Court referred to "excusable neglect" as an "elastic concept,"
> . . . implying a determination that is "at bottom an equitable one, taking account of all
> relevant circumstances surrounding the party's omission[.]" . . . Factors to be considered
> in evaluating excusable neglect include "[1] the danger of prejudice to the [non-movant],
> [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason
> for the delay, including whether it was within the reasonable control of the movant, and
> [4] whether the movant acted in good faith."

*Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003) (citations omitted).

The Court must again note that the Plaintiff, in her Motion, does not allege excusable neglect at all. In light of her *pro se* status, however, the Court will construe her Motion to make the strongest possible arguments implied.

First, the Plaintiff asks for an extension to secure financing for the bond requested in the Court's Judgment and Ruling. Such a bond was never required to *appeal* the Court's decision, merely to *stay* its decision. The stay was waived to allow the sale of the underlying property to proceed expeditiously, a sale which has, at this point, taken place (Docket No. 18-21217, ECF

---

[2] During that time, the Plaintiff discharged her attorneys of record, but their withdrawals were not sought until March 29 and 30, 2019 (ECF Nos. 76 and 77) or granted until April 2, 2019 (ECF Nos. 81, 84, and 85).

Nos. 164 and 165). Thus, this proffered reason for delay is irrelevant to the Plaintiff's failure to appeal within the required 14-day window.[3]

Second, the Plaintiff claims to act in good faith and avers that she would use any sums awarded for her ongoing care. Without more, the Court, in its equitable estimation, is not convinced that such demonstrates the requisite good faith to extend the appeal period. She simply avers no substantive basis for the Court to otherwise assess the good faith claim.

Third, the Plaintiff claims that an extension is necessary to avoid prejudicing her rights. The problem with this statement is that it ignores the fact that the ability to appeal was wholly within the Plaintiff's reasonable control. Any prejudice to the Plaintiff is, therefore, self-inflicted.

Fourth, the Plaintiff claims that she has been delayed because she was attempting to secure new legal counsel to take an appeal. During the entire 14-day appeal period, however, the Plaintiff was represented by three attorneys, any of which she could have directed to file a notice of appeal. She also could have asked for their withdrawals sooner so as to bring an appeal herself. Alternatively, she could have retained substitute counsel as she represented to the Court. Again, any harm to the Plaintiff is self-inflicted.

In short, the Plaintiff has provided no good or sufficient cause to excuse her failure to file an appeal within the 14-day window required by Rule 8002(a)(1). In contrast, allowing her to file an appeal now would prejudice the Chapter 7 Trustee and, by extension, the creditors of the Chapter 7 bankruptcy estate and would only further delay these proceedings. In weighing the equities, the Court notes that the Second Circuit has said, also in *Silivanch*, that "the equities will rarely if ever favor a party who fail[s] to follow the clear dictates of a court rule and . . . where

---

[3] To the extent the Plaintiff is seeking to appeal the Ruling and Order approving the sale free and clear under 11 U.S.C. § 363 (Docket No. 18-21217, ECF No. 135), an extension of the appeal beyond the initial 14-day window is not permissible under Fed. R. Bankr. P. 8002(d)(2)(B).

the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test." 333 F.3d at 366–67 (citation and internal quotation marks omitted). Rule 8002 is quite clear: file a notice of appeal within 14 days, ask for an extension within that window, or be prepared to show excusable neglect. The Plaintiff has done none of the above.

Accordingly, the Trustee's Objection is SUSTAINED, and the Plaintiff's Motion is DENIED.

IT IS SO ORDERED at Hartford, Connecticut this 10th day of April 2019.

*James J. Tancredi*
*United States Bankruptcy Judge*
*District of Connecticut*

4